UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH W. CRUMBLEY, JR., et al.,<br><br>　　　　Defendants. | No. 2:16-mc-00013-KJM-AC<br><br>ORDER |

Local rules are "laws of the United States." *United States v. Hvass*, 355 U.S. 570, 575 (1958). Parties are required to comply with the local rules applicable to the court in which the action has been filed, and a court may dismiss the action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule).

Parties seeking sealing of documents in this district are governed by Local Rule 141. In brief, Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested

1

duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

The foundation of the Local Rule is the "strong presumption in favor of access" to the court record unless it is one which is "traditionally kept secret." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Thus, those who seek to keep sealed records attached to non-dispositive motions must show "good cause," and those who seek to keep sealed records attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136).

Here, a Receiver for defendants appointed by a Texas district court filed a motion to seal this miscellaneous action on January 27, 2016. ECF No. 2. The sole reasons provided in the motion are that the action was filed under seal with the Northern District of Texas, and the Receiver's request that the action be sealed "due to the nature of the relief requested." *Id.*

It is not the court's duty to provide statutory or other controlling authority and analysis to explain why a party requesting to seal a document can overcome the "strong presumption" of public's access to the court record. The Receiver, as the requesting party, is required to comply with this court's local rules, *Hvass*, 355 U.S. at 575, and meet the required showing of "good cause" or that "compelling reasons" support secrecy, *Kamakana*, 447 F.3d at 1178. The Receiver has done neither. Accordingly, the court DENIES the request to seal without prejudice.

IT IS SO ORDERED.

DATED: February 4, 2016

UNITED STATES DISTRICT JUDGE

2